**UNITED STATES of America,**
**Plaintiff,**

v.

**Herbert E. and Narcie B. REEVES et al.,**
**Defendants.**

**No. A-127-66.**

United States District Court,
D. Alaska.

May 21, 1971.

G. Kent Edwards, U. S. Atty., Anchorage, Alaska, for plaintiff.

Will Key Jefferson, Anchorage, Alaska, in pro. per.

## MEMORANDUM AND ORDER

von der HEYDT, District Judge.

The United States of America, for the Small Business Administration, has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion asks for relief against defendant Hitchinrail Duplex Apartments, hereinafter referred to as Hitchinrail, a partnership consisting of Will Key Jefferson and Lawrence Nelson. The United States seeks in this action to quiet title to Lot 4, Block 9, of Roosevelt Park Addition against claims made by Hitchinrail and all other persons. Hitchinrail has filed opposition to plaintiff's motion for summary judgment.

In its opposition memorandum, Hitchinrail asserts two defenses against the government's motion for summary judgment. The first of these defenses is that the deed under which the government obtained title to the subject property is defective and therefore void. The second is that the several conveyances in the chain of title have no effect as they were made and recorded out of order.

Hitchinrail cites three defects in the government deed. The first is that the deed does not recite the date and book and page of the recording of the default. A.S. 34.20.080(c). The second is that the deed does not recite the mailing and delivery of copies of the notice of default. A.S. 34.20.080(d). However, even if these defects exist, the government's title is not fatally defective. Alaska Statute A.S. 34.25.030 concerns itself with the validation of defective instruments and use as evidence. The first paragraph of that section validates defective instruments which have not been challenged within ten years. The second paragraph provides:

"The instrument so executed and delivered shall be received in evidence in all courts in the state and is evidence of the right, title, or interest

to the real property described in the instrument against the grantors, lessors, mortgagors or makers, and their heirs, successors and assigns."

Although the first paragraph is of no benefit to the government, the second is.

 Hitchinrail asserts that it became successor in interest to Lot 4, Block 9 of Roosevelt Park Addition through William H. and Rennie G. Redmer. The second paragraph grants admissibility of the deed against mortgagors (William H. and Rennie G. Redmer) and their heirs, successors and assigns. Thus, even though the deed may contain formal defects, it is admissible against Hitchinrail as evidence of the right, title, and interest of the Small Business Administration.

Hitchinrail sets forth its second defense, the following. On July 20, 1962, William H. and Rennie G. Redmer created a Deed of Trust in which City National Bank, now Alaska State Bank, was beneficiary. On July 20, 1962, Walter Hodge was owner in fee simple of Lot 4, Block 9, Roosevelt Park Addition. On July 23, 1962, Walter Hodge, by warranty deed transferred the above mentioned property to William H. and Rennie G. Redmer. It is Hitchinrail's contention that the Deed of Trust was illegal and void and therefore all successors in interest who take through the Deed of Trust, the Small Business Administration, have no valid claim to ownership. The question here is one of after acquired title. Hitchinrail's assertion is wholly without merit. The doctrine of estoppel by deed asserts the principle that a grantor who at the time of conveyance has no interest in the land but who later acquires title cannot, against the grantee or any person claiming title under the grantee, deny the operation of the deed. *See, e. g.,* Van Rensselaer v. Kearney, 52 U.S. (11 How.) 297, 13 L.Ed. 703 (1850).

Hitchinrail claims ownership to the property in question through a conveyance from the Greater Anchorage Area Borough, pursuant to A.S. 29.10.528.

That statute provides that the "record owner" may at the time of a tax foreclosure repurchase the property. It is true that Hitchinrail has obtained quitclaim deeds from the Greater Anchorage Area Borough pursuant to this statute. However, neither Hitchinrail nor Nelson or Jefferson, partners in Hitchinrail, have ever at any time been record owners or assignee of the record owner of the property. Thus, Hitchinrail is not entitled to obtain pursuant to A.S. 29.10.528 a deed to Lot 4, Block 9 of Roosevelt Park Addition. Furthermore, the Greater Anchorage Area Borough has never conducted a sale of the property as foreclosed property pursuant to A.S. 29.10.537.

Therefore, it is ordered:

1. That the motion of the United States for summary judgment is granted.

2. That counsel for the United States may prepare an appropriate judgment form.